UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MAURICE KANBAR,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN FRIENDS OF MAGEN DAVID ADOM,<br><br>  Defendant. | Case No. 18-cv-00328-MMC(LB)<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: ECF No. 73 |

## INTRODUCTION

The district judge referred all discovery matters to the undersigned.[1] The parties dispute whether certain material should be designated attorneys' eyes only ("AEO") and whether the plaintiff is entitled to particular discovery responses.[2] The court can decide the disputes without a hearing. N.D. Cal. L.R. 7-1(b). The court directs the entry of the district's model protective order (which does not have an AEO provision) and orders the discovery set forth below.

---

[1] Discovery Referral Order – ECF No. 68. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Letter Brief – ECF No. 73.

ORDER – No. 18-cv-00328-MMC

**1. Protective Order**

The parties agree that a protective order is needed but dispute its scope.[3] The plaintiff Maurice Kanbar asks for the Northern District's model protective order, which does not have an AEO designation.[4] The defendant American Friends of Magen David Adom ("AFMDA") wants an AEO designation for its "proprietary and confidential donor information and databases" on the ground that they are highly sensitive confidential information.[5] The court denies the request for production with an AEO designation.

"The court may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way[.]" Fed. R. Civ. P. 26(c)(1)(G). This determination "requires a balance of the difficulties imposed upon plaintiff against the need to protect information from abuse by competitors." *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-CV-548, 2009 WL 311125, at *6 (W.D. Mich. Feb. 9, 2009).

Here, AFMDA does not show a risk of competitive harm and does not offer persuasive reasons why Mr. Kanbar should be precluded from reviewing discovery, thereby helping the prosecution of his own case.[6] *See Defazio v. Hollister, Inc.*, No. Civ-5-04-1358, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007) ("[T]he very real specter of over-designation of 'attorneys' eyes only' information exists, and plaintiffs should not be put in a position where they are essentially kept in the dark about the important facts of the case."). The court denies the request to designate the information AEO and directs the use of the court's model protective order (attached as Exhibit A to the letter brief).

---

[3] *Id.* at 5–6.

[4] *Id.* at 2, 5.

[5] *Id.* at 5–6.

[6] For example, Yossi Mentz, AFMDA's director of major gifts, testified in his deposition that AFMDA does not compete with any other organizations for donors. Ex. B to Letter Brief – ECF No. 73-2 at 4–5.

ORDER – No. 18-cv-00328-MMC         2

## 2. Requests for Production, Interrogatories, and Requests for Admission

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the basic scope of discovery — *i.e.,* what information parties can rightly demand from one another:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

There are two disputes: (1) the defendant's response to requests for production ("RFP") 3, 7 and 37 and Interrogatories 2 and 3, all concerning donors at a charity event (the October 30, 2017 Los Angeles Red Star Ball (the "Gala")) and the dates of their donations; and (2) the plaintiff's RFPs 10 through 12, 14 through 19, and Requests for Admission ("RFA") 16 and 17 regarding the plaintiff's affirmative defenses of fraud, undue influence, and violation of public policy).

### 2.1 RFP Nos. 6, 7, and 37 and Interrogatories 2 and 3

Through the RFPs, the plaintiff seeks discovery about a non-party AFMDA donor (Sheldon Adelson), the donors at the Gala, and witnesses identified in AFMDA's initial disclosures.[7] The interrogatories ask for the dates of the donations and information about AFMDA's practices of retaining written documentation for pledges.[8]

Deciding whether proposed discovery is "relevant" to the plaintiff's claims requires some examination of the substance of those claims. Here, AFMDA alleges that it is owed $5 million based on the plaintiff's statement — creating an oral contract — at the Gala.[9] As to the RFPs, the plaintiff contends that communications from donors at the Gala (from January 1, 2015 to the present) are relevant to the defendant's "mutual promises theory" involving other donors who

---

[7] Letter Brief – ECF No. 73 at 2.

[8] *Id.*

[9] *Id.*

ORDER – No. 18-cv-00328-MMC    3

1  pledged donations at the Gala.[10] As to the interrogatories, the plaintiff contends that the

2  information is relevant because "[i]f any of the donors did not provide their pledged donations

3  immediately, it can be inferred at trial that further negotiation and written documentation w[ere]

4  necessary for any pledge."[11]

The court holds that the information is relevant and discoverable. The defendant challenges relevance and proportionality only conclusorily and does not provide any basis for the court to conclude that the production would be burdensome (except to suggest that the discovery could be "unlimited").[12] The court orders production under the protective order.

### 2.2 RFP Nos. 10 to 12, 14 to 19, and 21 to 22 and RFA Nos. 16 and 17

These discovery requests are about information relevant to the plaintiff's third, ninth, and tenth affirmative defenses of fraud, undue influence, and violation of public policy.[13] The plaintiff's position is that any contract alleged in AFMDA's amended counterclaim is voidable on the grounds of fraud and undue influence "given the high-pressure tactics that AFMDA has used to extract donations from Mr. Kanbar, over his persistent objection as well as on the grounds of violation of public policy to the extent that Defendant's actions are shown to run afoul of applicable laws governing the solicitation of charitable donations."[14]

On this record, the court adopts the plaintiff's position and orders AFMDA to produce non-privileged information subject to the protective order.

## CONCLUSION

The court orders AFMDA to produce the discovery within 21 days from the date of this order. In the future, the parties must set forth their positions by issue. (This is in contrast to the current dispute, where the plaintiff set forth all issues in one stand-alone section, and the defendant

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at 3–4.

[13] *Id.* at 3.

[14] *Id.*

ORDER – No. 18-cv-00328-MMC              4

responded in kind.) The court's process is meant to allow side-by-side analysis by issue, and the court also expects the parties to set forth their best compromise by issue.

This disposes of ECF No. 73.

**IT IS SO ORDERED.**

Dated: November 13, 2018

_____
LAUREL BEELER
United States Magistrate Judge